UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

v.            CRIMINAL ACTION NO. 5:11-CR-43-TBR

LYDELL DEVON STAPLES            DEFENDANT/MOVANT

**MEMORANDUM OPINION**

On preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court ordered Defendant/Movant Lydell Devon Staples to show cause why his *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 40) should not be denied and his action dismissed as untimely. The 30-day period in which to respond has expired with no response by Staples.

**I.**

On March 6, 2013, the Judgment and Commitment Order (DN 27) was entered after Staples pleaded guilty to distribution of cocaine base (count 1) and distribution of marijuana (count 2). He was sentenced to 151 months in prison on count 1 and 60 months on count 2 to be served concurrently for a total term of 151 months. Staples did not appeal. He filed the instant § 2255 motion on June 20, 2017.[1]

**II.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

---

[1] Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

As the Court explained in its prior Memorandum and Order (DN 41), the judgment became final on March 20, 2013, upon the expiration of the fourteen-day period for filing a notice of appeal. The one-year statute of limitations therefore ran on March 20, 2014, and Staple's § 2255 motion was filed over three years after the statute of limitations expired.

The § 2255 motion indicated that Staples believed that his motion is timely because it was filed within one year of *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016). However, the Supreme Court's decision in *Mathis* did not create a new rule of law applying retroactively to cases on collateral review, and thus the one-year period set forth in § 2255(f)(3) was not triggered. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review"); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (holding that "*Mathis* did not announce a new rule"); *Brodie v. United States*, No. 5:12CR-13-TBR, 2017 WL 2540570, at *2 (W.D. Ky. June 9, 2017) ("[T]he Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review."); *Atkinson v. United States*, No. 1:16-cv-67, 2017

2

WL 1227876, at *2 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule").

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Therefore, before dismissing the motion as time-barred, the Court provided Staples with an opportunity to show whether equitable tolling applies. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Staples has not done so.

The Court finds for the reasons set forth above and in the Court's prior Memorandum and Order that Staple's § 2255 motion is time-barred and must be dismissed.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion

3

or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

        The Court will enter an Order consistent with this Memorandum Opinion.

Date:



cc:    Movant/Defendant, *pro se*
       U.S. Attorney
4413.009