UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:11-CR-43-TBR

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

LYDELL DEVON STAPLES                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Lydell Staples's Motion for Compassionate Release. [DN 44]. The Government has filed a response. [DN 46]. This matter is ripe for adjudication. For the reasons stated herein, Staples's Motion for Compassionate Release, [DN 44], is DENIED.

**BACKGROUND**

Staples sold 27.5 grams of cocaine base ("crack" cocaine) and 796.2 grams of marijuana to a cooperating witness over the course of two controlled transactions on March 3, 2011 and March 11, 2011. [DN 23 at 4–6 (PSR)]. Staples was arrested on May 9, 2012, and he pled guilty to both Counts on October 10, 2012. [*Id.* at 4]. Subsequently, this Court sentenced Staples to a 151-month term of imprisonment and three years supervised release. [DN 27]. Currently, Staples has served approximately 100 months of his 151-month sentence, or approximately 65 percent. In

the instant Motion, Staples argues that the presence of COVID-19 at USP Marion, along with "the BOP's response to COVID-19 and their inability to protect the health and safety of inmates in their care," and his own pre-existing medical conditions including hypertension and obesity constitute "extraordinary and compelling reasons" under the First Step Act that warrant his release. [DN 44 at 7–9].

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to 'consider motions by defendants for compassionate release without a motion' by the BOP Director so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

Before granting a compassionate release motion, a district court shall engage in a "three-step inquiry:" the court must "find" that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *United States v. Elias*, No. 20-3654, 2021 WL

50169, at *1 (6th Cir. Jan. 6, 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020)).

Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section. This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

Notably, however, the United States Court of Appeals for the Sixth Circuit recently concluded that U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies

compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On April 28, 2020, Staples submitted his request for Compassionate Release under §3582(c)(1)(A) with the Bureau of Prisons, arguing that his pre-existing medical conditions put him at a higher risk for serious complications from COVID-19. [DN 44-1 at 181]. Staples's request was sent to Warden Sproul at USP Marion by e-mail. [*Id.*] More than thirty (30) days lapsed without response from the Warden; and on June 16, 2020, Staples notified the Warden that he would be filing the instant Motion with the Court. [*Id.* at 184]. Subsequently, on July 6, 2020, Staples filed his Motion for Compassionate Release with the Court. [DN 44]. The government did not object to the exhaustion requirement. [DN 46]. Thus, the Court finds that Staples has properly exhausted his administrative remedies under the First Step Act.

**II. Extraordinary and Compelling Reasons**

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, No. 20-3654, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1111). Here, the Court finds that Staples's age, current medical condition, and the COVID-19 pandemic do not constitute such a reason.

In support of his motion, Staples argues that the presence of COVID-19 at USP Marion, the BOP's "disingenuous" response to COVID-19 and inability to protect the inmates in their care, and his own pre-existing medical conditions including hypertension and obesity are extraordinary and compelling reasons for his release. [DN 44 at 7–9]. In an attached letter to the Court, dated June 29, 2020, Staples highlights the crowded living conditions in the prison that "make it impossible to practice social distancing" because he lives in close proximity to other inmates in a dormitory and shares a five stall bathroom and eight stall shower with nearly 100 people. [DN 44-1 at 3]. In response, the government argues that Staples has not been infected with the coronavirus, and "[h]e does not show that he has a greater risk of contracting the disease in prison that he would if he was released or that the Bureau of Prisons could not treat him effectively if he had coronavirus." [DN 46 at 1]. In addition, the government states that the Court should not release Staples because "he is a dangerous criminal and a flight risk." [*Id.*]

The Court recognizes the severity of the novel coronavirus and its increasing risk in the United States. There is no doubt that the dangers of COVID-19 are exacerbated by the prison environment. *United States v. Herring*, No. 6:14-cr-00008-GFVT-CJS, 2020 WL 6886256, at *4 (E.D. Ky. Nov. 24, 2020). As of January 12, 2021, USP Marion has 1,216 total inmates (1,098 at

USP and 118 at the Camp).[1] There are two inmates and seven staff members with confirmed active cases of COVID-19.[2] Two inmates have died and 797 have recovered.[3] Staples's has yet to test positive for the coronavirus. [*See* DN 48; DN 46 at 1]. Even though there are positive cases at USP Marion, there is no uncontrolled outbreak.

Staples contends that he has a history of and/or is currently being treated and monitored for hypertension, diabetes, chronic kidney disease, and obesity. [DN 44 at 10]. His latest BOP medical records reveal that Staples suffers from "morbid obesity" but his condition is "improving." [DN 48 at 4]. His hypertension status indicates that he is in remission and has been off medication since March 2015. [*Id.*] There is nothing in his records showing that he is suffering or has ever suffered from diabetes or kidney disease. [*See generally id.*] The Court acknowledges that obesity is one of the most common comorbidities among Staple's age group, 35–44 years.[4] Also, that the Centers for Disease Control has stated that individuals who are obese are among those with the "strongest and most consistent evidence" of severe illness from COVID-19.[5] However, upon review, the Court finds that Staples's medical records show that the BOP has made significant efforts to provide meaningful care for Staples, and USP Marion is equipped to meet his medical needs. [*See generally* DN 48]. Accordingly, because Staples's medical condition is stable and USP Marion has few active COVID-19 cases, the Court finds that Staples has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A).

---

[1] https://www.bop.gov/locations/institutions/mar/ (assessed by the Court on Jan. 12, 2021).
[2] https://www.bop.gov/coronavirus/ (assessed by the Court on Jan. 12, 2021).
[3] *See id.*
[4] *Weekly Updates by Select Demographic and Geographic Characteristics: Comorbidities,* CDC, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm#Comorbidities (last updated Jan. 6, 2021).
[5] *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC (Nov. 2, 2020), https://bit.ly/34aDRY6.

**III. 18 U.S.C. § 3553(a) Factors**

Considering the totality of Staples's circumstances, Staples's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Staples is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a) to determine whether Staples's sentence should be reduced. *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, Staples pled guilty to distributing 27.5 grams of cocaine base ("crack" cocaine) and 796.2 grams of marijuana. The government points to Staples's status as a career offender and the fact that he committed the instant offenses while on probation/parole for three separate prior drug offenses as evidence that Staples's "history and characteristics" and "the nature and circumstances" of his crimes weigh against relief. [DN 46 at 6]. Staples's three prior felony drug offenses include: (1) felony possession of marijuana in Dade County, Georgia; (2) engaging in organized crime in McCracken County, Kentucky; and (3) trafficking in marijuana more than 8 ounces but less than 5 pounds in McCracken County, Kentucky. The Court finds that granting Staples compassionate release would not comply with the § 3553(a) factors. Although Staples has served over eight years (approximately 65 percent) of his sentence, releasing him from custody would not reflect the seriousness of these crimes. Therefore, his motion must be denied.

As an aside, the Court notes that Staples's brother wrote a thoughtful letter to the Court where he discussed his intention to provide immediate housing and employment opportunities for Staples upon his release. [DN 44-1 at 2]. In his letter, he highlights Staples's good character and credits him with providing the environment that allowed he and his siblings to succeed even though Staples's own life took a different turn. [*Id.*] The Court recognizes the significance of Jay Staples's letter supporting his brother. It also acknowledges that Staples has received no incident reports and has remained a model prisoner throughout his term of imprisonment. There is no doubt that these facts help to soften the government's argument that release is not appropriate under § 3553(a). However, because Staples has not shown that extraordinary and compelling reasons for a reduction in sentence exist as required under step one of the compassionate release analysis, this Court cannot grant his request for compassionate release regardless of whether a reduction may be defensible

under the circumstances of the case pursuant to the factors set forth in 18 U.S.C. § 3553(a). *Jones*, 980 F.3d at 1108. Staples's Motion for Compassionate Release, [DN 44], is **DENIED.**

## CONCLUSION

For the reasons stated above, Staples's Motion for Compassionate Release, [DN 44], is **DENIED.**

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

January 14, 2021

CC. Counsel of Record

**Lydell Devon Staples**
14112-033
MARION
U.S PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959
PRO SE